IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER WILLIAMS,<br><br>            Plaintiff,<br><br>    vs.<br><br>CALIFORNIA BOARD OF PRISON TERMS and DEBRA STAR,<br><br>            Defendants. | No. C 07-4661 JSW (PR)<br><br>**ORDER OF DISMISSAL**<br><br><br><br>(Docket Nos. 2, 4) |

Plaintiff, an inmate incarcerated at Deuel Correctional Facility, in Tracy, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 arising from the alleged bias of Debra Star, a Commissioner of the California Department of Corrections and Rehabilitation in deciding 4 out of the Plaintiff's last 5 parole hearings, which were all denied. Plaintiff has also filed an application to proceed in forma pauperis (docket nos. 2, 4). Plaintiff's application is GRANTED in a separate order filed simultaneously.

**DISCUSSION**

Plaintiff alleges that his civil rights have been "grossly violated" by the Defendants due to Commissioner Star's bias against Plaintiff. Plaintiff alleges that because Defendant Star presided over his hearings, held on November 25, 2004, April 1, 2005, October 7, 2005 and August 14, 2007, she is "unable to provide me with a neutral and detached hearing." Plaintiff seeks release or "a new hearing with an

impartial jury of my peers."

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

#### 1. Eleventh Amendment Immunity

In this case, Plaintiff has sued the California Department of Corrections and Rehabilitation ("CDCR"). However, Plaintiff's suit against this Defendant is barred. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). This Eleventh Amendment immunity extends to suits against a state agency, *see, e.g., Simmons v. Sacramento*

2

1  *County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars
2  suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405,
3  413 (9th Cir.), *amended*, 127 F.3d 1135 (9th Cir. 1997) (state case law and
4  constitutional provisions make clear that California Superior Court is state agency).
5  *See, also, Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).
6  Therefore, Plaintiff's claims against CDCR are DISMISSED.
7       2.     <u>Claims Against Commissioner Star</u>
8       Plaintiff's complaint also names Commissioner Star, who presided over
9  Plaintiff's parole hearings as a Defendant in this action. However, this Defendant is
10 also immune from suit.
11      Absolute immunity extends to federal and state agency officials when they
12 preside over hearings, initiate agency adjudication, or otherwise perform functions
13 analogous to judges and prosecutors. *See Butz v. Economou*, 438 U.S. 478, 514-15
14 (1978) (extending absolute immunity to Department of Agriculture officials); *Buckles*
15 *v. King County*, 191 F.3d 1127, 1136 (9th Cir. 1999) (extending absolute immunity to
16 Washington Growth Management Board, a real estate zoning board); *Romano v. Bible*,
17 169 F.3d 1182, 1186-88 (9th Cir. 1999) (extending absolute immunity to Nevada
18 Gaming Control Board officials). Absolute immunity is extended to agency officials
19 who perform prosecutorial and judicial functions because administrative proceedings
20 are usually adversarial in nature and provide many of the same features and safeguards
21 that are provided in court. *See Butz*, 438 U.S. at 513.
22      These characteristics of the judicial process are sufficient to render the role of
23 the administrative law judge "functionally comparable" to that of a judge: an
24 adversarial proceeding, a decision-maker insulated from political influence, a decision
25 based on evidence submitted by the parties, and a decision provided to the parties on
26 all of the issues of fact and law. *See id.* Because Plaintiff's complaint fails to state a

claim upon which relief may be granted, no leave to amend will be granted and Plaintiff's complaint is DISMISSED.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: January 25, 2008

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LESTER WILLIAMS,

        Plaintiff,

  v.

CA BOARD OF PRISON TERMS et al,

        Defendant.

Case Number: CV07-04661 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lester L. Williams
E09481
P.O. Box 20
Tracy, CA 95378-0600

Dated: January 25, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

5